NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 21, 2015[*]
Decided April 22, 2015

**Before**

WILLIAM J. BAUER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 14-2894

|  |  |
|---|---|
| JOSEPH COTTMAN, | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. |
| *Plaintiff-Appellant*, | |
| *v.* | |
| | No. 1:13-cv-01793-JMS-DML |
| THOMAS RICHARDSON and JEFF BALLENGER, | |
| *Defendants-Appellees*. | Jane Magnus-Stinson, *Judge*. |

**O R D E R**

Joseph Cottman, an Indiana prisoner, appeals the denial of his civil-rights complaint under 42 U.S.C. § 1983 alleging that the defendant prison officials interfered with his access to the courts when they did not allow him to use the prison's law

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

library. After an evidentiary hearing, the district court concluded that Cottman did not exhaust administrative remedies and dismissed his suit. We affirm.

Cottman, a prisoner at Pendleton Correctional Facility, alleged that he was not provided library passes and access to his legal materials between March and May of 2013. Repeatedly, he said, his requests for a library pass to work on his appellate brief in a state-court case were rebuffed by Thomas Richardson, a unit team manager at the prison. Requests for help to caseworker Jeff Ballenger were similarly unsuccessful. Cottman alleged that he submitted formal grievances about the actions of both officials. After receiving no response to either grievance, he alleged that he submitted appeals but received no response. Cottman attached to his complaint copies of the grievances and appeals that he said he filed.

In their answer the defendants raised the affirmative defense of failure to exhaust administrative remedies, *see* 42 U.S.C. § 1997e(a), asserting that Cottman never submitted the forms attached to his complaint. After taking Cottman's deposition, the defendants acknowledged a factual dispute relating to Cottman's attempts at exhaustion and requested a hearing under *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008).

At the hearing the defendants elicited testimony to show that Cottman did not follow grievance procedures as required by the Indiana Department of Correction. Specifically, they pointed out that Cottman did not comply with either the second or third step of the Department's three-step administrative-remedy process for inmates: filing a written, formal grievance with the prison's executive assistant or filing an administrative appeal. Pendleton's executive assistant, Jessica Hammack, testified that she had no record of Cottman submitting either a correctly completed grievance or a grievance form that was returned. According to her testimony, Hammack would log a properly completed grievance into a database and assign it a grievance number; any incomplete grievance would be returned to the inmate along with an explanation for the grievance's deficiency (and Hammack would keep a copy of the explanation in her files). As for appeals, she follows a similar process, and she testified that she has no record of the appeals attached to Cottman's complaint.

The district court found Hammack's testimony credible and determined that Cottman never submitted the grievances or appeals he attached to the complaint. The court therefore concluded that Cottman had not exhausted available remedies and dismissed his suit.

On appeal Cottman maintains that he tried to follow the prison's grievance procedure by submitting both grievances and appeals. But the district court credited Hammack's testimony that she had not received either from Cottman. We review this finding for clear error, s*ee* FED. R. CIV. P. 52(a)(6); *Pavey v. Conley*, 663 F.3d 899, 904 (7th Cir. 2011), and "determinations of witness credibility can virtually never be clear error," *United States v. Biggs*, 491 F.3d 616, 621 (7th Cir. 2007) (internal quotation marks and citation omitted); *see Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 575 (1985). The court adequately substantiated its credibility finding, which Cottman does not seriously challenge.

AFFIRMED.